Hyman Korn, J.
Plaintiffs move for a temporary injunction. They'seek judgment declaring that subdivision (b) of section 91.07 of the New York City Health Code was promulgated without "authority and is void or declaring, in the alternative, that the regulation is inapplicable to the business of the plaintiffs and the members of the plaintiff associations.
The amendment to the New York City Health Code affects packaged raw pork requiring cooking and heating at home or elsewhere before consumption. The amendment reads in part: “(b) A raw pork product shall be deemed to be misbranded: “ (1) If in package form unless it bears a label containing the name and place of business of the packer or distributor, and the following statement clearly and legibly printed thereon: ‘ The raw pork product contained herein must be thoroughly heated or cooked so that all portions thereof reach a temperature of not leas than 140° F. to prevent trichinosis.’ ”
Plaintiffs contend the Federal 1967 Wholesome Meat Act (U. S. Code, tit. 21, §§ 601-691) pre-empts the field. Portions of section 678 seem clearly to indicate the field is not pre-empted *1038 and to the extent there is prohibition it is directed to the States or Territories or District of Columbia. The Federal legislation provides for co-operation with the States so that the States may adopt programs and requirements ‘ ‘ at least equal ’ ’ to Federal requirements. (IT. S. Code, tit. 21, § 661, subd. [a], par. [2].) Thus, it provides 11 concurrent jurisdiction over distribution for human food purposes of adulterated or misbranded and imported articles;”.
Plaintiffs contend also that the New York City Health Code, as amended, is inconsistent with article 5-B of the New York State Agriculture and Markets Law.
There is no dispute that raw pork is considered to be adulterated. In addition, there is no method of inspection which can wholly discover the existence of trichinae in raw pork. It is undisputed that no Federal or State inspection is made for its discovery. However, there are indeed regulations, both State and Federal, as to precooking and heating of pork which is not packaged and distributed in a raw state. Thus, Federal and State inspection do not, in fact, cover inspection of raw pork in the extremely important respect here involved. The New York Sanitary Code cannot be .said to be inconsistent with Federal and State law or to impinge upon any area covered and exercised under Federal and State power. Pre-emption of the entire field must be clear. Here there has been no entry into the field so that the delivery of raw pork to the public is uncovered (see McSpedon v. Kunz, 271 N. Y. 131).
Nor can it be said the State has intervened. As stated in Adler v. Deegan (251 N. Y. 467, 491): “ If the affair is partly State and partly local the city is free to act until the State has intervened.” There is no question there was power to amend the New York City code if the amendment relates to a subject not pre-empted by the State Agriculture and Markets Law. In addition, under section 228 of the Public Health Law the State Sanitary Code does not apply to New York City unless specifically provided. In any event, State legislation makes no provision relating to the distribution of packaged raw pork or to inspection at any plant in respect of the existence of trichinae. Thus, it is crystal clear that there has not been total pre-emption (Wholesale Laundry Bd. of Trade v. City of New York, 17 A D 2d 327, affd. 12 N Y 2d 998). Certainly, pre-emption could not be found within the criteria fixed in Florida Avocado Growers v. Paul (373 U. S. 132, 142) as follows: In treating this question we begin with the Supreme Court’s caution that, 1 ‘ Federal regulation of a field of commerce should not be deemed preemptive of state regulatory power in the absence of persuasive reasons— *1039 either that the nature of the regulated subject matter permits no other conclusion, or that Congress has unmistakably so ordained.” The concurrent but consistent jurisdiction provided by Federal law, the exemption of New York City from application of the State Sanitary Code and the total failure of action elsewhere upon a matter of such important health concern prohibits a finding that no other conclusion than pre-emption is permissible.
Section 91.07 of the Health Code has, in fact, the status of a State statute and does not conflict with State or Federal statute, and the State may not interfere with the New York City Code (Matter of Bakers Mut. Ins. Co. v. Department of Health of City of N. Y., 301 N. Y. 21).
The motion is denied.